[No. 17108.    En Banc.    May 10, 1923.]

E. E. STOWELL, *Respondent,* v. CASHMERE APPLE
COMPANY, *Appellant.*[1]

WAREHOUSEMEN (7)—DELIVERY OF GOODS—CONVERSION—EVIDENCE
—SUFFICIENCY. Findings that a warehouseman received and con-
verted 588 boxes of apples more than it accounted for are not sus--
tained by four warehouse receipts, which, if considered separately,
show the delivery of 1076 boxes (which was more than plaintiff
could have delivered on the day in question), and which receipts
show on their face that the totals of the previous deliveries were
carried over on the next receipt, totaling in all only 388 boxes
(PEMBERTON AND HOLCOMB, JJ., dissenting).

Appeal from a judgment of the superior court for
Chelan county, Grimshaw, J., entered June 4, 1921,
upon findings in favor of the plaintiff, in an action for
conversion, tried to the court.  Reversed.

*Hughes & Wallace,* for appellant.
*Crollard & Steiner,* for respondent.

MACKINTOSH, J.—The respondent brought an action
for the conversion of a number of boxes of apples, and
from a judgment in his favor, the appellant, who con-
ducts a storage warehouse, has appealed.

The chief controversy is waged over the number of
boxes of apples that were delivered on October 27,
1919, it being the contention of the appellant that one
Dr. Harry Martin, who was working for him, delivered
to the appellant's warehouse, on that date, 1,076 boxes,
the respondent claiming that Dr. Martin delivered but
388 boxes.

It was the custom of the appellant to give to the
persons delivering loads of apples to its warehouse,
receipts showing the number of boxes, and in the ex-

[1]Reported in 215 Pac. 9.

hibits in this case we find the following receipts in the name of Dr. Martin:

|  | | No date |
|---|---|---|
| Exhibit 15. | 1 load | 80 |
| | Total | 80 |
| Exhibit 1. | | 10-27-1919 |
| | | 168 |
| | 3 loads | 78 |
| | Total | 246 |
| Exhibit 2. | | 10-27-1919 |
| | | 264 |
| | 4 loads | 88 |
| | Total | 344 |
| Exhibit 3. | | 10-27-1919 |
| | | 344 |
| | 5 loads | 62 |
| | Total | 406 |

If the total is taken of all of these exhibits, it would show 1,076 boxes delivered. But, as we read these exhibits, they plainly show the delivery of but 388 boxes, as contended by the appellant. The figures 1, 3, 4 and 5 preceding the word "loads" clearly refers to first, third, fourth and fifth loads, and the figures on the exhibits, other than exhibit 15, show the number of boxes contained in the prior exhibits, except that there is a palpable transposition of figures between exhibits 1 and 2, the total on exhibit 1 being 246 and the figures carried forward on 2 being 264, and that the receipt for the second load is missing.

That this is the correct interpretation of these exhibits is borne out and fully substantiated by a consideration of the testimony, which shows that Dr. Martin was a frail man, in ill health, who was working for the respondent during the apple season of 1919 for the purpose of gaining his strength, and to hold that, on that day, he delivered twenty-one tons of

apples to the appellant's warehouse is to attribute to him a degree of strength and physical ability which the evidence plainly shows he did not possess, and which, as a matter of fact, could be the proud possession of only a professional strong man. If he delivered any such amount of apples, it was necessary for him to have handled them twice, to have piled them on and off the truck; to have carried these thirteen loads it would have been necessary to carry the boxes a distance of two miles, from the ranch to the warehouse, and make return trips. Altogether, it was a physical impossibility. As a matter of fact, Dr. Martin, whose testimony appears in the record by deposition, does not testify that he accomplished any such feat, and the records of the two succeeding days in which Dr. Martin was engaged in the same work show that on those days he delivered but the ordinary number of loads, to wit, four and five.

Further substantiation of the appellant's interpretation of the receipts is found in the fact that the receipts for October 27 were all uninitialed by the employees of the appellant, who received the apples at the warehouse, whereas, among the sixty-four or more exhibits in the record for receipts of apples, these are practically the only ones so unsigned, and are practically the only ones which show a carrying forward of the total of prior loads delivered on the same day, the other receipts being, as we have said, initialed, and being merely for the number of boxes contained in the load delivered, with no other figures appearing upon the receipts.

Altogether, we are thoroughly satisfied that the trial court was in error in arriving at a conclusion in conformity with the claim of the respondent, and for that

reason the judgment is reversed and the case remanded for a new trial.

MAIN, C. J., BRIDGES, FULLERTON, and TOLMAN, JJ., concur.

PEMBERTON, J. (dissenting)—A new trial should not be granted. There is no question of law involved. One of the principal witnesses, Dr. Martin, is now deceased. The facts are in the record. If there were but 388 boxes delivered, they have been fully paid for and the action should be dismissed.

However, the way I view the record, there is no evidence to sustain the theory that exhibit 15, which bears no date, was the first load hauled on October 27; that there was no receipt given for the second load; that exhibit 1 was issued for all prior loads, and that exhibit 2, having 264 boxes, was intended to be 246 boxes carried over from exhibit 1. In fact, at the time of the trial, and upon the hearing of the motion for a new trial, there was no suggestion but what these receipts should be considered as respondent contends, the only question being, were they issued by appellant? Appellant did not present this theory until in its reply brief, and stated: "We ourselves, at the time of the trial and at the time of making the motion for a new trial, had not located the exact cause of it all". Exhibit 35 was issued on the same date, in a similar manner, for two loads, as follows: 2 loads 84, total 168. This exhibit is considered a receipt for 168 boxes and is not questioned.

Dr. Martin testified by deposition. No one undertook to contradict his testimony. He made no attempt to give the date on which he hauled the apples in question, except as shown by the receipts. Having worked a number of days in October, a reasonable explanation of the exhibits would be that appellant's agent erred

as to the date of some of these receipts. These exhibits show that Dr. Martin hauled but twelve loads on October 27. According to the undisputed testimony of Perry Bixler, who was engaged in hauling apples at the same time, one person could easily haul twelve loads a day. He testified as follows:

"Q. I understood you to say that the number of loads the trucks could haul depended very largely on the amount of delay he encountered at the point of delivery? A. Yes, sir. Q. If there was no delay he could haul as many as ten or twelve loads a day? A. Yes, sir, easily."

Dr. Martin was assisted in both loading and in unloading. He testified as follows:

"Q. How many men did you have to assist in unloading? A. I think there were two. Q. Two all the time? A. I think so."

E. E. Stowell testified as follows:

"For the truck—there was myself and sometimes two of my sons to help load the truck."

The only possible duplication shown by the evidence is that the total of 344 on exhibit 2 may have been carried over to exhibit 3 and counted twice, and to that extent the amount of recovery should be reduced.

HOLCOMB, J., concurs with PEMBERTON, J.